UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JUSTIN GATES AND KYLE PATRICK

VERSUS

OSNIEL MENENDEZ, ET AL.

CIVIL ACTION

NO. 18-893-JWD-EWD

**<u>NOTICE AND ORDER</u>**

Plaintiffs, Justin Gates and Kyle Patrick ("Plaintiffs"), filed a Petition for Damages (the "Petition") in state court for damages allegedly arising out of injuries Plaintiffs sustained in an August 4, 2017 automobile accident. Plaintiffs named Osniel Menendez ("Menendez"), M&Y Interstate Logistics, Inc. ("M&Y") and Lancer Insurance Company ("Lancer") as defendants. On October 9, 2018, Lancer filed a Notice of Removal pursuant to 28 U.S.C. § 1332 based on the assertion that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are completely diverse.[1] For the reasons set forth herein, the Notice of Removal fails to adequately allege the citizenship of Lancer.[2]

With respect to its own citizenship, Lancer alleges only that it "is a foreign insurer."[3] Lancer does not specify whether it is a corporation or unincorporated association.[4] If Lancer is a corporation, both its state of incorporation and principal place of business must be alleged.[5] If,

---

[1] R. Doc. 1. With respect to the amount in controversy, Lancer asserts in the Notice of Removal that "[i]n response to the Request for Admissions, plaintiffs admitted that greater than $75,000.00 was in controversy in this matter." R. Doc. 1, ¶ 8. *See also*, R. Doc. 1-5.

[2] Lancer alleges that "plaintiff, Justin Gates, is domiciled in the Parish of East Baton Rouge, State of Louisiana, and plaintiff, Kyle Patrick, is domiciled in the Parish of Ascension, State of Louisiana." R. Doc. 1, ¶ 6. Lancer alleges that Menendez "is domiciled in the State of Florida." R. Doc. 1, ¶ 7. These allegations are sufficient with respect to the individual parties. *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile, mere residence in the State is not sufficient."). Lancer alleges that M&Y "is a foreign corporation with its principal place of business and domicile in the State of Florida." R. Doc. 1, ¶ 7. To support this allegation, Lancer attaches a print-out from Florida's Division of Corporations, which characterizes as a Florida profit corporation. R. Doc. 1-4. The print-out also lists a principal address for M&Y in Florida.

[3] R. Doc. 1, ¶ 7.

[4] The documents attached to the Notice of Removal indicate that Lancer is a corporation. *See*, R. Doc. 1-3.

[5] *Getty Oil*, 841 F.2d at 1259.

1

alternatively, Lancer is an unincorporated association, its citizenship is determined by considering the citizenship of all its members.[6] Thus, to properly allege the citizenship of a limited liability company or similar association, Lancer must identify each of the members and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of an unincorporated association which is also an unincorporated association.[7] Lancer's allegation regarding its own citizenship is insufficient because Lancer fails to allege either (1) the state of incorporation and principal place of business of the entity (if Lancer is a corporation); or (2) the citizenship of each member (if Lancer is an unincorporated association).

Accordingly,

**IT IS HEREBY ORDERED** that Lancer Insurance Company shall file a Motion to Substitute the Notice of Removal with a comprehensive Notice of Removal that adequately alleges its own citizenship. Lancer Insurance Company shall have seven (7) days from this Notice and Order to file the Motion to Substitute. No further leave of court is required to file the Motion to Substitute.

Signed in Baton Rouge, Louisiana, on October 11, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); 13F Fed. Prac. & Proc. Juris § 3630.1 (3d ed.) ("whenever a partnership, a limited partnership, a joint venture, a joint stock company, a labor union, a religious or charitable organization, a governing board of an unincorporated institution, or a similar association brings suit or is sued in a federal court, the actual citizenship of each of the unincorporated association's members must be considered in determining whether diversity jurisdiction exists.") (internal citations omitted).

[7] *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).